FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

MAR 1 0 2008

JAMES N. HATTEN, Clerk
By /s/ Sewell
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CEDRIC GOGGINS, | : | PRISONER CIVIL RIGHTS |
| VINCENT D. JOHNSON, | : | 42 U.S.C. § 1983 |
| JOSEPH L. MEADOWS, | : | |
| WENDELL BROWN, | : | |
| RAEDELL JACKSON, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| FULTON COUNTY JAIL, | : | CIVIL ACTION NO. |
| LT REYNOLDS, | : | 1:07-CV-3126-TWT |
| SGT MARSHALL, | : | |
| D.O. DORSEY, | : | |
|     Defendants. | : | |

## ORDER and OPINION

Plaintiffs, currently detained at the Fulton County Jail in Atlanta, Georgia, have filed the instant pro se action complaining of (1) November 9 and 13, 2007, strip searches that were carried out – without explanation, need, or cause – in a very degrading manner and (2) threats to perform further strip searches if and when the officers feel like it. (Doc. No. 1 ¶ IV.)

To the extent Plaintiffs intended to bring a class action, it is "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1974)

AO 72A
(Rev.8/82)

(citing <u>Anderson v. Moorer</u>, 372 F.2d 747, 751 n.5 (5th Cir. 1967)); <u>see also</u> <u>Massimo v. Henderson</u>, 468 F.2d 1209, 1210 (5th Cir.1972) (holding that nonlawyer inmate may not proceed in federal court on behalf of fellow inmates). Accordingly, this Court will treat this action as one alleging a violation of Plaintiffs' individual rights. Under the Prison Litigation Reform Act ("PLRA") it is proper for a district court to (1) dismiss an <u>in forma pauperis</u> civil action brought by multiple inmates, (2) open separate actions for each named plaintiff, and (3) require each plaintiff to submit a separate <u>in forma pauperis</u> affidavit and assume full responsibility for the filing fee in his own action. <u>Hubbard v. Haley</u>, 262 F.3d 1194, 1197-98 (11th Cir. 2001).

In conformity with PLRA fee requirements for prisoner <u>in forma pauperis</u> actions, this Court will dismiss the instant action without prejudice and open new civil rights actions for each of the named Plaintiffs.

**IT IS THEREFORE ORDERED** that the instant civil rights complaint is **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court is **DIRECTED** to **OPEN** a new civil rights action on behalf of each Plaintiff named in the instant action and to file therein, as appropriate, the <u>in forma pauperis</u> affidavit filed by each Plaintiff in this action. (<u>See</u> Doc. Nos. 2-5, 7.)

The Clerk of Court is **DIRECTED** to send each named Plaintiff a copy of this Order and a copy of the docket sheet for the new civil rights action opened on his behalf.

**IT IS SO ORDERED**, this _10_ day of _March_, 2008.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)